Daniel, J
The arguments of the prisoner’s counsel against the judgment of the circuit court on the motion in arof judgment, are ingenious and plausible; but they all resolve themselves finally into this,—that the act of congress incorporating the bank of the U. States, is unconstitutional and therefore void ; or, if that be not so, yet that the charter does not authorize the officers of the bank to issue and put into circulation, such papers as either of those mentioned and described in the indictment; that the bank of the U. States is itself not bound to pay them, and so these papers do not necessarily import to be of any value, if genuine, and are, therefore, not protected by our laws against forgery.
The court is of opinion, that it might be admitted, that the charter of the bank of the U. States is unconstitutional, and that, if otherwise, the making and putting into circulation, checks, bills or orders, such as are described in the indictment, constitute an abuse or violation of the charter,— without involving the consequences for which' the counsel contend. The statute of Virginia for punishing thefts and forgeries, 1 Rev. Code, ch. 154. p. 578. was not enacted to protect the bank of the U. States; it was made to protect the citizens of this commonwealth against the thefts and forgeries therein mentioned, and to punish the offenders. It recognizes the existence of the bank of the U. States, de facto, whether it was created constitutionally or not. The provisions of the third section of the statute, may not apply to checks, drafts or orders of the bank of the U. States (other than those of its branches in this state), because the bank is not in this state. But the fourth section, among other things, makes it felony, in any free person, to forge or' counterfeit any deed; bond, writing or note, any bill of exchange, draft or order, or any acceptance thereof, any assignment, transfer or indorsement, or any letter of credit, or other writing to the prejudice of another’s right, (other than the bank notes and bills, post notes, checks and orders on banks, their branches and offices, in the statute before mentioned), with intent to injure or defraud any per *713 son or persons, body politic or corporate; or, with like intent, to utter or publish as true, or attempt to use and employ as true, for his own benefit, or for the benefit of another, any such false, forged, counterfeited, altered or erased paper writing as aforesaid, knowing the same to be false, forged, counterfeited, altered or erased. The provisions of the statute, are as various and broad as the rights of property which may be prejudiced, by forging, or uttering as true any forged paper writing whatever, knowingly, and with fraudulent intent, and therefore, they include such paper writings as those mentioned and described in this indictment.
The objection to the 4 th count, that the order therein set forth was made payable to W. T. Smith or order, and was not indorsed by Smith, cannot avail to arrest the judgment; because the judgment is sufficiently warranted by the verdict finding the prisoner guilty upon the other two counts of the indictment.
It was argued by the prisoner’s counsel, that the judgment ought to have been arrested, on the ground, that the courts of Virginia ought not to punish, criminally, any forgery committed of the notes, bills, orders or checks, of or upon the bank of the U. States; because this is an offence punishable by the courts of the U. States; and if a state court, which cannot oust the courts of the U. States of their jurisdiction, should proceed, it might happen that a person might be punished twice for the same offence. The answer to this is, that the law of Virginia punishes the forgery, not because it is an offence against the U. States, but because it is an offence against this commonwealth, committed within its limits; and the punishment of it is designed for the protection of our own citizens.
Upon the whole, the court is of opinion, that the motion in arrest of judgment was properly overruled.
Hut there are several exceptions taken upon points ruled by the circuit superiour court, in the course of the proceedings, which it is necessary to examine, since if any one of those opinions was erroneous, the judgment must be reversed.
*714 ' This court concurs in the opinion of the court below, stated in the bill of exceptions filed at the trial, as to the admission of the testimony therein mentioned, to prove the gUiity knowledge with which the prisoner passed the counterfeits,,for passing which he was indicted. That such testimony is proper for the purpose for which it was received, though it relates to independent transactions with other persons, at or about the time of the commission of the offence charged, whether before or after, this court has no doubt: but how long before or after,— one minute or ten, one hour or twenty-four, a day, a week, or more or less,—must be determined by the circumstances of each case. In the present case, the transactions of which the proof was offered, were of the day after the offence charged was committed; at which time, that is, thé day after the offence committed, the prisoner and Hays had in their possession, and offered to pass as true, other counterfeit bank paper of the like kihd with that mentioned in the indictment which they had actually passed off the day before. This court is of opinion, that the proof of this circumstance was properly submitted to the jury, as tending to prove the guilty knowledge with which the counterfeits were passed off the day before, for passing which the prisoner was on trial.
Then, as to the exceptions in relation to the jurors.
With respect to the juror handcraft, either the prosecutor or the prisoner might have required the juror to be examined on his voir dire: it does not appear, at whose instance he was so examined. It was right to permit the juror to explain; and considering him a qualified freeholder, it was the duty of the court to subject him to the election or challenge of the prisoner. The court could not know but that the prisoner might elect to be tried by him; if not, he might challenge him for cause, or peremptorily. The latter was done. There is no error in this proceedihg.
This court also concurs in the opinions of the court below, in regard to the two jurors, Hall and S. Hudson. We think those opinions of the court right in principle, and sustained by the authority of several adjudged cases in this court.
*715 But we think, that the court below erred in refusing to ■v permit the prisoner to retract his election of the juror D. Hudson, and to challenge him peremptorily. Some circumstances are stated to shew the reason of this decision, which it is not necessary to advert to ; for this court is unanimously of opinion, that the right of a prisoner to challenge any juror peremptorily, is absolute at any time before the juror is sworn, and that no circumstances can bring that right within the discretion or control of the court, so long as it is confined to the number of peremptory challenges allowed by law.
For this error the judgment must reversed, the verdict set aside, and a venire de novo directed.